The Honorable John H. Dawson State Representative P.O. Box 336 Camden, Arkansas 71701-0336
Dear Representative Dawson:
This official Attorney General opinion is rendered in response to your recent inquiry regarding the Farm Credit Association and Arkansas' usury laws. You have presented the following question:
 Was the Farm Credit Association (formerly known as the Production Credit Association) exempt from the Arkansas usury laws between the years 1978 and 1988, and if so, what was the date on which it became exempt?
It is my opinion that the Farm Credit Association (formerly the Production Credit Association) was not generally exempt from Arkansas' usury laws between the years 1978 and 1988. However, as explained below, certain transactions executed by the Association during that time period may not have been subject to Arkansas' usury laws.
There is no source of Arkansas law that would have provided an exemption from the state's usury laws during the time period about which you have inquired (or at any other time).[1] Nor did any federal law provide for a general institution-wide exemption during that time period.
However, various federal laws were enacted during that time period that explicitly superseded state usury laws with regard to certain types of transactions. These laws were in effect at various times during this period. The question of whether particular transactions of the Farm Credit Association or the Production Credit Association were governed by any of these laws is a question of fact.
Because I am not authorized to make determinations of fact, I cannot opine definitively or conclusively as to whether any particular transaction of the Farm Credit Association or the Production Credit Association was exempt from Arkansas' usury laws between the years 1978 and 1988. However, I will provide a description of the general scope and effective dates of the laws that provided for such exemptions, upon the basis of which you can evaluate their applicability to any transaction about which you possess the relevant factual information.
One such federal law was the Brock Act, Pub.L. 93-501, 88 Stat. 1557. It amended the National Bank Act (see 12 U.S.C. § 85) and the Federal Deposit Insurance Act (see 12 U.S.C. § 1831a) so as to provide for federal preemption of state usury laws for transactions governed by those acts. It allowed a rate of 5% above the Federal Reserve discount rate on business and agricultural loans of over $25,000.00 that were subject to those acts. The Brock Act was in effect from October 29, 1974 until July 1, 1977.
Similarly, the Borrower's Relief Act, Pub.L. No. 96-104, 93 Stat. 789, allowed federally-insured institutions to charge 5% above the Federal Reserve discount rate on business and agricultural loans greater than $25,000.00. It was in effect from November 5, 1979 until July 1, 1981.
The Consumer Services and Usury Act, Pub.L. No. 96-161, 93 Stat. 1233, superseded state usury laws for loans secured by a first lien on residential property and business or agricultural loans in excess of $25,000.00. It was in effect for three months, beginning December 28, 1979.
The preemption provisions of the Consumer Services and Usury Act were extended by the Depository Institutions Deregulation and Monetary Control Act of 1980 (DIDMCA), Pub.L. No. 96-221, 94 Stat. 132, 161. It permanently extended the provisions regarding residential housing, and provided for an expiration of the business and agricultural measures on April 1, 1983. The DIDMCA also provided for a reduction of the $25,000.00 limit on business and agricultural loans to $1,000.00, effective October 8, 1980. In addition, the DIDMCA added a permanent provision allowing federally insured state banks, savings and loans, and credit unions to charge 1% over the discount rate on any loan.
Finally, all VA and FHA housing loans were exempted from state usury limits by virtue of the permanent provisions of 38 U.S.C. § 1828 and12 U.S.C. § 1735f-7, which became effective on December 21, 1979.
For a general discussion of the above-cited federal acts and related issues, see Galchus, Martin, and Vibhakar, A History of Usury Law inArkansas: 1836-1990, 12 UALR L.J. 695 (1990).
Again, the question of whether particular transactions of the Farm Credit Association or the Production Credit Association that were conducted between 1978 and 1988 were governed by any of the preemption provisions of these acts is a question of fact that will entail an analysis of the transaction in question, the status of the Association at the time of the transaction, and whether the Association was subject to any of the laws in question at that time.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] However, it should be noted that Amendment 60 of the Arkansas Constitution does endorse federal preemptions.